UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SAMUEL BUSTAMANTE JIMENEZ,
Petitioner,
v.
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, et al.,
Respondents.

Case No.: 3:26-cv-04208-RBM-VET

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Before the Court is Petitioner Samuel Bustamante Jimenez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the lawfulness of his immigration detention. (Doc. 1.) For the reasons below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner, a citizen of Mexico, entered the United States without inspection some time before November 2023. (*See* Doc. 4-1 at 4.) On November 27, 2023, Border Patrol agents arrested Petitioner in Vermont because "he was the driver in an attempted human smuggling event, in which he drove from Maryland to . . . Vermont to pick up a Mexican citizen that had entered the United States illegally from Canada." (*Id.*) Petitioner was issued a Notice to Appear and detained pending his immigration hearing. (*Id.*) On December 26, 2023, the immigration judge ordered Petitioner released from immigration custody on a $3,000 bond. (Doc. 1-2 at 8.)

On November 15, 2025, Petitioner was charged with "Attempting to Drive Vehicle While Impaired by Alcohol While Transporting a Minor." (Doc. 4-1 at 5.) On June 9, 2026, Petitioner was convicted of that charge and sentenced to 60 days' imprisonment. (*Id.*) On June 14, 2026, Petitioner was transferred to Otay Mesa Detention Center, where he has remained since. (Doc. 1 ¶ 18.) Petitioner has not received a bond hearing because immigration judges lack jurisdiction to hold them under agency precedent. (*Id.* ¶ 22.)

On July 22, 2026, Petitioner filed his Petition. (Doc. 1.) The Court set a briefing schedule the next day. (Doc. 2.) Respondents filed their Response to Petition on July 29, 2026. (Doc. 4.) Petitioner filed his Traverse later that same day. (Doc. 5.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his detention violates the Immigration and Nationality Act, the Fifth Amendment's Due Process Clause, and the Eighth Amendment. (Doc. 1 ¶¶ 24–38.) Respondents argue "that Petitioner is subject to mandatory detention under § 1225(b)(2)," but also "acknowledge[ ] that this Court's prior decisions will control the result here . . ., as the facts are not materially distinguishable . . ., and on that basis [do] not oppose the petition." (Doc. 4 at 3.)

After the Petition was fully briefed, the Ninth Circuit issued its decision in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir. July 30, 2026). In *Rodriguez*, the Ninth Circuit rejected

Respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Id.* at *10. Because there is no dispute that Petitioner was detained in the interior of the United States after having resided here for at least three years (*see* Doc. 4-1 at 4), the discretionary detention procedures of § 1226(a) govern Petitioner's detention. Therefore, and in light of Respondents' non-opposition, the Court **GRANTS** the Petition. Petitioner requests that the Court include several provisions in its Order granting the Petition. (*See* Doc. 5 at 3–4.) With the exception of the requested burden of proof, the Court will include each of these provisions.

## IV. CONCLUSION[1]

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to arrange an individualized bond hearing for Petitioner before an immigration judge **within seven (7) days** of entry of this Order—unless the noncitizen requests a continuance—to determine whether his continued detention is warranted.
2. The noncitizen **SHALL BEAR** the burden of establishing, by a preponderance of the evidence, that he is not a danger to the community or a risk of flight.[2] If the noncitizen does not request a continuance, and no hearing occurs **within seven (7) days** of entry of this Order, Petitioner shall be released from Respondents' custody.
3. If the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay.[3]

---

[1] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

[2] *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

[3] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the

4. On or before **August 21, 2026**, Respondents **SHALL FILE** a status report indicating whether Petitioner received a bond hearing, and the outcome of that bond hearing.

**IT IS SO ORDERED.**

DATE: July 30, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

government's legitimate interests.").